UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| ISAAC COUSIN, | ) | |
|---|---|---|
| Petitioner, | ) ) | |
| v. | ) ) | No. 2:02-cr-32 (2:12-cv-342) |
| UNITED STATES OF AMERICA, | ) ) ) | |
| Respondent. | ) | |

## **MEMORANDUM OPINION AND ORDER**

Defendant/Petitioner has two interrelated motions before the Court: a motion to modify his sentence under 18 U.S.C. § 3582(c)(2) [Doc. 502]; and a motion to correct, set aside, or vacate his sentence under 28 U.S.C. § 2255 [Doc. 504]. As explained hereafter, the motions have merit and will be **GRANTED**.

In 2003, Petitioner entered into a plea agreement with the United States, pursuant to which he ultimately pled guilty to conspiracy to distribute, and to possess with the intent to distribute, 50 or more grams of crack cocaine.[1] He acknowledged that he was responsible for at least 768.9 grams of crack.[2] This quantity resulted in a base offense level of 36, which was enhanced three levels for his leadership role in the conspiracy, and then reduced by an identical amount for acceptance of responsibility.[3]

Petitioner had twenty-seven criminal history points, significantly more than required to place him in the highest criminal history category.[4] Under the Sentencing Guidelines then in

---

[1] Doc. 166
[2] PSR ¶ 19
[3] PSR ¶¶ 24, 25, 28, 32 and 33
[4] PSR ¶ 49

effect, his range was 324 to 405 months' imprisonment. However, because he had two prior felony drug convictions, he was subject to a mandatory minimum sentence of life. Life imprisonment thus was Petitioner's effective guideline range.

Because Petitioner provided substantial assistance to the government, the United States moved for a downward departure, which the Court approved; Petitioner was sentenced to 240 months' of imprisonment.[5] Later, because Petitioner continued to provide substantial assistance to the government, the United States filed a Rule 35(b) motion.[6] The Court also granted that motion, reducing Petitioner's sentence from 240 to 180 months.[7]

In August 2012, Petitioner filed a motion under 18 U.S.C. § 3582(c)(2) asking that his sentence be reduced in light of Guidelines Amendment 750.[8] Petitioner acknowledged in the motion that since his guideline range was restricted by the mandatory minimum lifetime sentence, he was ineligible for a reduction under 3582(c). But counsel suggested in that motion that in light of *United States v. Simmons*, 649 F.3d 327 (4th Cir. 2011), one of his underlying North Carolina convictions no longer qualified as a predicate sentence-enhancing felony, as a result of which he should not be subject to the mandatory minimum life sentence. Counsel subsequently filed a motion under § 2255 based on *Simmons*.[9]

The government's response[10] can be summarized as follows:

(1) One of the two North Carolina drug convictions that served to enhance Petitioner's sentence to a mandatory minimum of life does not qualify as a predicate felony conviction in light of *United States v. Pruitt*, 545 F.3d 416 (6th Cir. 2008), which, unlike *Simmons*, is controlling authority in the Sixth Circuit;

---

[5] Doc. 266
[6] Doc. 349
[7] Doc. 365
[8] Doc. 502
[9] Doc. 504
[10] Doc. 553

2

(2) The government waives any reliance on the statute of limitations of § 2255(f)(1);

(3) Even if Petitioner had not been subject to the mandatory minimum sentence of life, his actual sentence of 180 months would not have exceeded the authorized range of imprisonment under the amended guideline range;

(4) Since 180 months *could* have been an authorized sentence, this Court could deny the § 2255 motion;

(5) Petitioner is eligible for a sentence reduction under Guidelines Amendments 750 and 780;

(6) Petitioner's guideline range, had the amendments been in effect at the at the time of sentencing, would have been 262 to 327 months; and

(7) Had the Court reduced that sentence by the same percentage amount it did in 2003, Petitioner would be entitled to immediate release since he has now served 161 months of imprisonment, more than he would have served if Amendments 750 and 780 had been in effect in 2003.

As the government concedes, one of Petitioner's earlier North Carolina drug convictions does not serve as a predicate offense for enhancing his sentence under *United States v. Pruitt*, *supra*. As a result, he is not subject to the mandatory minimum life sentence. He is, however, a Career Offender, which places him in Category VI, which establishes his current guideline range at 262 to 327 months.

Petitioner's original guideline range, putting aside the mandatory minimum life sentence, was 324 to 405 months. He ultimately was sentenced to 180 months, a 44% reduction from the bottom of that guideline range. A 44% reduction from the bottom of the amended guideline range (262 months) yields a sentence of 147 months. As already noted, Petitioner has served 161 months.

Petitioner's §2255 motion, doc. 504, is granted, and he will be re-sentenced without regard to a mandatory minimum sentence of life imprisonment.

3

Petitioner's §3582(c) motion, doc. 502, likewise is granted, and the judgment of conviction will be amended by sentencing petitioner to TIME SERVED, as well as a term of supervised release of ten years upon his release from custody.

An order amending the judgement of conviction will be filed contemporaneously with this memorandum.

SO ORDERED:

s/ R. Leon Jordan  
United States District Judge